UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES F. LOUGHRAN, Individually And On Behalf of All Other Persons Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, INC.<br><br>　　　　　　Defendant. | 00cv12387RWZ<br>C. A. No. 2000- |

RECEIPT # 26785
AMOUNT $ 150.00
SUMMONS ISS: yes
LOCAL RULE 4.1 - yes
WAIVER OF SER:
MCF ISSUED:
AO 120 OR 121:
BY DPTY CLK: SS
DATE: 11-17-00

## COMPLAINT

1. Since the passage of the Fair Labor Standards Act of 1938 (29 U.S.C. §201, *et. seq.*) (the "FLSA"), it has been the public policy of the United States, and legally required by 29 U.S.C §207(a), that an employee who works more than forty hours in a workweek be paid ". . . at a rate not less than one and one-half times the regular rate at which he is employed" (29 U.S.C. §207(a)(1)).

2. Defendant has since at least November 17, 1997 willfully violated federal law by failing to pay persons employed by it as "Staff Appraisers" time and one-half their regular rates of pay for hours worked within a workweek in excess of forty hours.

3. This Complaint is brought by plaintiff pursuant to 29 U.S.C. §216(b) on his own behalf and on behalf of all persons who are or have been employed by defendant anywhere in the United States as Staff Appraisers who have not been paid overtime owed to them during the period from November 17, 1997 to the date of final disposition of this action (the Class Period"). Plaintiff and all such similarly situated persons are hereinafter referred to jointly as "the Class" or "the members of the Class."



## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). Plaintiff is a resident of Massachusetts, and defendant conducts business at various locations in this district. In addition, a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this district.

6. Defendant is engaged in interstate commerce.

## PARTIES

7. Plaintiff is a resident of Framingham, Massachusetts. Between February 22, 1999 and June 16, 2000, plaintiff was employed as a Staff Appraiser by defendant.

8. Defendant United Services Automobile Association, Inc. is a corporation organized under the laws of Texas. During the Class Period, defendant has transacted business in Massachusetts within this district.

9. During the Class Period, defendant has been engaged in the business of selling automobile insurance to customers in Massachusetts and across the nation. Such insurance included coverage for damage to automobiles owned by purchasers of insurance policies sold by defendant ("insureds") as well as damage to automobiles owned by third parties caused by insureds.

10. During the Class Period, the job of plaintiff and the members of the Class has been to inspect and appraise damaged automobiles as to which a claim for indemnity under policies sold by the defendant has been made or is expected to be made.

11. Plaintiff and the members of the Class are salaried. They regularly work substantially in excess of 40 hours per week. They do not supervise two or more persons. They have no management or administrative responsibilities, as they are responsible only for their own work. The duties of the plaintiff and the members of the Class do not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

12. The primary duty of the plaintiff and the members of the Class does not consist of either performance of office or managerial work directly related to defendant's management policies or general business operations or those of its customers.

13. Plaintiff and the members of the Class exercise little, if any, discretion or independent judgment in carrying out their duties for defendant. The appraisals which they do during the course of their work for defendant are done pursuant to strict guidelines under which the appraisers value the cost of repair of and/or replacement costs for damaged vehicles pursuant to a schedule of costs determined by defendant. In essence, the work of the plaintiff and the members of the Class has consisted of examining damaged vehicles to identify which portions of the vehicle require repair or replacement, and entering such information into a computer supplied and programed by the defendant, which then calculates the amount necessary to repair or replace the damaged portions of the vehicle.

14. The primary duty of the plaintiff and the members of the Class does not include work requiring the exercise of discretion and independent judgment. Instead, it involves gathering facts and determining the cost of repair to damaged vehicles pursuant to strict criteria provided by the defendant.

15. During the Class Period, defendant has not paid the plaintiff and the members of the Class time and one-half their regular hourly rates for any hours in excess of forty which they work in any workweek.

16. On information and belief, during the Class Period the duties and business activities of other Class members employed by defendant as Staff Appraisers throughout the country have been essentially the same as the duties and activities of the plaintiff described above; at all such times, the Class members have been employed and paid in the same manner and under the same standard employment procedures and practices that governed the employment of the plaintiff. The experience of the plaintiff set forth above is typical of the experience of other past and present Staff Appraisers and members of the Class employed by the defendant during the Class Period.

17. During the Class Period, defendant knew that the FLSA was applicable to their employment practices regarding the plaintiff and all other similarly situated Staff Appraisers throughout the country. Defendant also has been fully aware that such persons were not exempt from the overtime provisions of the FLSA.

18. By its conduct, as set forth herein, the defendant violated 29 U.S.C. §207(a) by failing to pay its Staff Appraisers time and one-half their regular hourly rates for hours worked in excess of forty hours during a workweek.

19. The defendant's violations of 29 U.S.C. §207(a) were repeated, willful and intentional.

20. The plaintiff and the members of the Class have been damaged by said violations of 29 U.S.C. §207(a).

21. Pursuant to 29 U.S.C. §207(a) and §216(b), defendant is liable to the plaintiff and the members of the Class for the full amount of all their unpaid overtime

compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and costs of the plaintiff and such Class.

22. While the exact number of members of the Class is unknown to plaintiff at the present time, plaintiff believes that there may be more than three hundred similarly situated persons who are or have been employed by defendant as Staff Appraisers since November of 1997.

23. Plaintiff's claims are typical of the claims of the other members of the Class in that he, like all such Class Members, sustained damages arising out of defendant's concerted and intentional conduct designed to avoid paying its Staff Appraisers time and one-half for hours worked in excess of forty hours during a workweek.

24. Plaintiff has retained counsel competent and experienced in class action litigation.

25. An action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them.

26. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members. Among the common questions of law and fact are:

    a. whether the defendant has violated and continue to violate 29 U.S.C. §207(a), as alleged herein; and

    b. whether the defendant's conduct constitutes willful violations of the FLSA, thereby extending the Statute of Limitations applicable to this action under the

Fair Labor Standards Act to three years, pursuant to 29 U.S.C. §255(a) and entitling the plaintiff and the members of the Class to double (liquidated) damages under 29 U.S.C. §216(b).

27. Annexed hereto as Exhibit 1 is a written consent to the filing of this Complaint duly executed by the plaintiff pursuant to 29 U.S.C. §216(b). Because plaintiff is currently unaware of the identities of all the members of the Class, the defendant should be required to provide to the plaintiff a list of all persons employed by defendant as Staff Appraisers since November of 1997, stating their last known addresses, telephone numbers, and Social Security numbers, so that plaintiff can give such Class Members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

WHEREFORE, the plaintiff respectfully requests that the Court:

A    Declare this action to be maintainable pursuant to 29 U.S.C. §216(b), and direct the defendant to provide to the plaintiff a list of all persons employed by it as Staff Appraisers during the Class Period, including the last known address, telephone number and Social Security number of each such person, so that plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.    Determine the damages sustained by the plaintiff and the members of the Class as a result of defendant's violations of 29 U.S.C. §207(a), and award those damages against the defendant and in favor of plaintiff and all members of the Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment interest as may be allowed by law;

C.     Award equitable and/or injunctive relief as permitted by law, including an injunction enjoining the defendant from continuing to violate the FLSA;

D.     Award plaintiff and the members of the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees; and

E.     Grant plaintiff and the members of the Class such other and further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A
TRIAL BY JURY ON
ALL CLAIMS SO TRIABLE

Submitted by the attorneys for the Plaintiff and the Class,

*/s/ Thomas V. Urmy, Jr.*

Thomas V. Urmy, Jr. (BBO# 506620)
Christine E. Morin (BBO# 600237)
Todd Heyman (BBO # 643804)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

7