UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES LOUGHRAN, Individually and On Behalf of All Other Persons Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, INC., )<br><br>Defendant. ) | | C. A. No. 00-CV12387RWZ |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

### Introduction

Pursuant to 29 U.S.C. §216(c), the parties jointly move this Court that it (1) approve the settlements of this action reached between defendant and the 54 opt-in plaintiffs identified on Exhibit 1 hereto and (2) enter separate Final Judgments in the form annexed hereto as Exhibit 2 dismissing with prejudice the claims of each such plaintiff. Each such plaintiff has executed a Settlement Agreement in the form annexed hereto as Exhibit 3. Plaintiffs' counsel estimates that such plaintiffs will receive in excess of 95% of the single damages which plaintiffs' counsel believes they would have received if the case had proceeded to judgment in plaintiffs' favor. The claims of the ten remaining opt-in plaintiffs, who so far have not signed Settlement Agreements, are dealt with in the parties' Joint Motion

for Settlement Conference which is being filed simultaneously with this motion. The parties also request that judgments enter dismissing the claims of Frank Lauricella, Kenneth Cullings, Victoria Kameli, William Dawson and Elizabeth Girdner pursuant to the Stipulations of Dismissal annexed hereto as Exhibits 4 through 8.

## The Proposed Settlement

This is an action brought by plaintiff James Loughran pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), seeking to recover unpaid overtime compensation allegedly owed to him and a group of similarly situated individuals employed by defendant United Services Automobile Association ("USAA") as Staff Appraisers after November 17, 1997. By Memorandum and Order dated April 25, 2001, this Court ordered the defendant to identify for plaintiff all similarly situated putative class members and authorized plaintiffs' counsel to send to each such person a Notice informing them of the pendency of this action and their rights with respect thereto.

The form of Notice approved by the Court directed that identified persons wishing to participate in this action should complete and return a Notice of Consent to become a party plaintiff and that such Consent should be returned to plaintiffs' counsel for filing with the Court, postmarked no later than July 30, 2001.

A total of 69 persons timely completed and returned Consent forms which were thereafter filed with the Court. Of that group, four persons, Frank Lauricella, Kenneth Cullings, Victoria Kameli and William Dawson, were subsequently determined by plaintiffs' counsel not to have worked for USAA as Staff Appraisers during the relevant three-year

limitations period. A fifth person, Elizabeth Girdner, advised plaintiffs' counsel that she did not wish to press her claims further. Stipulations of Dismissal with Prejudice in the form annexed hereto as Exhibits 4 through 8 are being filed contemporaneously with respect to each of those five persons. As a result of this process, there remain a total of 64 individual parties plaintiff in this case. There is also another individual who filed a separate action in state court who has agreed to settle his claims on the same terms as set forth in Exhibit 3 hereto.

After extensive paper discovery and depositions, counsel reached a contingent settlement agreement under which this matter and the state court action would be resolved. That contingent agreement contemplates that this Court (and the Massachusetts state court) will dismiss with prejudice all pending claims of each party who signs the form of agreement annexed hereto as Exhibit 3 (the Agreement") containing the general release set forth in the Agreement. Although USAA originally reserved the right to withdraw from the contingent settlement and to resolve none of the claims unless the claims of all plaintiffs were dismissed with prejudice and all such persons executed a general release, it has now determined to settle the claims of the plaintiffs who have signed Agreements, subject to approval of the Court and entry of a Judgment of Dismissal with respect to such persons' claims.

By Order dated July 3, 2002 (Exhibit 9 hereto), the Court preliminarily approved the proposed settlement. The parties now request (1) that the Court enter final approval of the settlements reached between the defendant and the individuals identified on Exhibit 1 hereto, including the provisions in those Agreements relating to attorneys' fees and expenses and an

incentive payment to the named plaintiff, James Loughran, and that a Judgment of Dismissal with Prejudice in the form of Exhibit 2 enter with respect to the claims of each such person, and (2) that Judgments with Prejudice pursuant to the Stipulations annexed as Exhibits 4 through 8 enter dismissing the claims of plaintiffs Frank Lauricella, Kenneth Cullings, Victoria Kameli, William Dawson and Elisabeth Girdner.

## Summary of the Settlement

The Agreement provides that the claims of each plaintiff signing the Agreement will be dismissed with prejudice upon payment of a specified amount of money, which was determined based on the number of overtime hours that plaintiff was estimated to have worked during the relevant statutory period, multiplied by the individual's average hourly rate of pay. Under the settlement, one-third of the amount being paid on account of the claim of each plaintiff is to be paid to their counsel, to compensate counsel for their attorneys' fees and expenses, and the balance is to be paid in cash to the individual plaintiffs. A small incentive payment is to be made to Mr. Loughran in recognition of his assistance to class counsel and the other plaintiffs who will receive benefits under the settlement.

Plaintiffs' counsel's estimates of overtime compensation allegedly owed to each plaintiff were obtained by averaging weekly overtime hours reported on time logs contemporaneously maintained by such plaintiff, where such logs were available, and by multiplying such average hours by 50% of the individual's average hourly rate during the relevant period. The 50% multiplier was used in response to USAA's contention (discussed below) that any overtime owed should be computed using the "fluctuating workweek" system of

4

compensation described by the First Circuit in *Valerio v. Putnam Associates, Inc.*, 173 F.3d 35 (1st Cir. 1999). In cases where no time logs or very few time logs were available, the number of hours worked by each plaintiff was derived from estimates provided by that plaintiff. However, any such estimate that exceeded the highest number of hours documented in existing logs of any of the plaintiffs was capped at the highest documented level.

As noted above, plaintiffs' counsel estimates that after payment of attorneys' fees and expenses, each settling plaintiff will receive in excess of 95% of the total single damages that plaintiffs' counsel estimates they would have been entitled to receive had final judgment been rendered in their favor. USAA denies that any moneys are owed at all but believes that the settlement is a reasonable way of resolving the dispute and avoiding substantial costs of defense.

### The Fairness, Reasonableness and Desirability of the Agreement

As set forth in the Status Report and Motion of the Plaintiffs Seeking Preliminary Approval of the Proposed Settlement, plaintiffs' counsel believes that the settlement is highly favorable for a number of reasons.

1. First, the plaintiffs will receive almost the entire single damages that plaintiffs' counsel believes they would be likely to recover after trial, and the risk of losing the case and receiving nothing will be eliminated.

2. Second, the plaintiffs will collect their settlement payments promptly. By contrast, if the case were to go through further discovery, trial and appeal, it could easily be

two or three years -- or longer -- before the plaintiffs would receive any compensation (assuming that they prevailed on their claims).

3. <u>Third</u>, the agreement avoids any difficulties that the plaintiffs might have experienced in attempting to prove how many overtime hours each of them actually worked, given the uncertainties inherent in any situation in which plaintiffs are estimating hours worked in the absence of clear recorded data.

4. <u>Finally</u>, the monetary payments contemplated under the Agreement are based on three years of allegedly unpaid overtime, as opposed to two years. Under the FLSA, an employee is allowed to recover only two years of back unpaid overtime wages unless he or she is able to establish that the employer willfully disregarded the overtime laws. *See* 29 U.S.C. § 255(a). If, after trial, the Court had limited the relevant period here to two years, it could have reduced the total amount of recovery by as much as 45%.

USAA contends that it is here entitled to compute any overtime wages that it might be found to owe using the so-called "fluctuating workweek" method of compensation authorized in some circumstances by 29 U.S.C. § 207(g)(3) and 29 C.F.R. § 778.114. Under this method of computation, an employee's weekly base salary is deemed to constitute his or her "straight-time" pay for all hours worked, whether or not these hours exceed 40 in any given week. The hourly rate used in computing the amount of overtime pay owed in a given week is then determined by dividing the number of hours worked in that week into the employee's weekly salary. Under this method of computation, because the employee's base salary is deemed to cover the straight time pay owed for all hours worked, the employer is

then required only to pay half-time (i.e., an hourly rate equal to one half the straight-time rate) for those hours worked over 40. Although plaintiffs contend that this method of computation should not be used in this case, USAA has supported its position with citation to recent First Circuit precedent, including *Valerio v. Putnam Associates Inc.*, 173 F.3d 35 (!st Cir. 1999), which would have to be distinguished if USAA's argument were to be refuted. Consequently, under the contingent agreement, damages have been computed using the fluctuating workweek method.

### The Current Scope of The Settlement

Fifty-four (54) of the 64 plaintiffs remaining after dismissal of the claims of the 5 individuals identified on page 2, above, have executed Agreements. All the Agreements are identical in substance except that the release contained in the Agreement executed by plaintiff Raymond Leo specifically preserves an unrelated workers compensation claim previously filed by him against USAA, and the Agreement executed by plaintiff James Loughran provides for the payment of an incentive payment if approved by the Court. One plaintiff, Michael Dalsimer, died during the pendency of the case. Plaintiff expects shortly to file a motion pursuant to Fed. R. Civ. P. 25(a) seeking to substitute his widow and Administratrix, Lynn Ryll Dalsimer, as plaintiff in his stead and that Mrs. Dalsimer will then execute an Agreement on behalf of Mr. Dalsimer's estate, in her capacity as his representative and Administratrix of his estate.

WHEREFORE, plaintiffs respectfully request (1) that separate judgments pursuant to Fed. R. Civ. P. 54(b) enter in the form annexed hereto as Exhibit 2 dismissing with

prejudice the claims of or on behalf of each of the 54 individuals identified on Exhibit 1 hereto who have signed Agreements with USAA, and approving the payment to Shapiro Haber & Urmy LLP, plaintiffs' counsel, of attorneys' fees and expenses in an amount equal to one-third of the total owed to each such plaintiff under the terms of the Agreement he or she has executed with USAA along with an incentive fee for Mr. Loughran, and (2) that judgments with prejudice enter pursuant to the Stipulations annexed hereto as Exhibits 4 through 8 dismissing with prejudice the claims of plaintiffs Frank Lauricella, Kenneth Cullings, Victoria Kameli, William Dawson and Elizabeth Girdner.

Respectfully submitted,

By their attorneys,

_____
Thomas V. Urmy, Jr. (BBO# 506620)
Christine E. Morin (BBO# 600237)
Todd Heyman (BBO # 643804)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
617-439-3939

**Counsel for Plaintiff James Loughran**

_____
Robert P. Joy (BBO #254820)
Morgan, Brown & Joy
One Boston Place
Boston, MA 02108
617-523-6666

_____
Glen D. Nager
Thomas M. Beck
Jones, Day, Reavis & Pogue, LLP
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
202-879-3939

**Counsel for USAA**

Of Counsel:

Reid E. Meyers
Senior V.P., Litigation/Labor Counsel
USAA
9800 Fredericksburg Road
San Antonio, TX 78288

Steven S. Greene
Matthews & Greene
5901-A Peachtree-Dunwoody Road
Atlanta, GA 30328